**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JHONSI ALLAN CABRERA,
A- 220-807-025,

Petitioner,

v.

KRISTI NOEM, et.al.,

Respondents.

No. 1:25-CV-02029-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner was initially detained and released on parole by Department of Homeland Security on December 4, 2021. See ECF No. 1, pg. 2. Petitioner is a native of Nicaragua and applied for asylum on April 25, 2022. See id. Petitioner asserts he was denied due process when he was re-detained on December 2, 2025, without notice or a pre-deprivation bond hearing. See id. The District Judge ordered Respondents to show cause why the Court should not grant the motion for temporary restraining order and specifically directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Labrador-Prato v. Noem, et al., 1:25-cv-01598-DC-SCR, 2025 WL

3458802 (E.D. Dec. 2, 2025), Selis Tinoco v. Noem, et al., 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), and other similar cases previously decided by the Court. See ECF No. 4.

Respondents filed a joint opposition to injunctive relief and response to the petition. See ECF No. 5. The Court granted Petitioner's motion for temporary restraining order. See ECF No. 6. The District Judge ordered:

> (1) Petitioner Jhonsi Allan Cabrera shall be released immediately from the Respondents' custody;
>
> (2) Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and
>
> (3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. Further, Respondents are ORDERED TO SHOW CAUSE by no later than 1/8/2026, as to why this court should not issue a Preliminary Injunction on the same terms as this Order. Petitioner may file a response thereto by no later than 1/12/2026. Respondents may file a reply to Petitioner's response by no later than 1/13/2026.

Id.

Respondents filed a response to the order to show cause. See ECF No. 7. On January 8, 2026, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. See ECF No. 8. The matter was referred to the undersigned for further proceedings. The Court directed Respondents to file a response to the habeas petition See ECF No. 9. Respondents filed an answer. See ECF No. 12. The Court directed Petitioner to file a reply within 30 days. See ECF No. 13. To date, Petitioner has not filed a reply.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's orders, ECF Nos. 6 and 8, and under Ninth Circuit authority, Petitioner is subject to discretionary detention pursuant to § 1226(a). See Vazquez v. Bostock, No. 25-6842, 2026 LX 482469, at *12, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not

§ 1225(b)(2)(A).”). Additionally, for the reasons addressed in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), the undersigned finds that Petitioner’s re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment.

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 3 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE